J-S54036-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISAAC JONES | : | |
| | : | |
| Appellant | : | No. 398 WDA 2018 |

Appeal from the PCRA Order February 16, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002958-2012

BEFORE:  PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    FILED SEPTEMBER 13, 2018

Isaac Jones (Appellant) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful consideration, we affirm.

A prior panel of this Court summarized the relevant factual and procedural history of this case as follows:

> At trial, the victim, Alvester Clay, testified that during the morning of December 24, 2011, he was preparing to open the bar and restaurant he owned.  At around noon, the door buzzer rang, and he allowed a young, tall man into the bar.  The man requested a drink, and as Clay turned to get one, the man produced a gun.
>
> The young man pointed the gun at Clay and told him to get on the floor.  As Clay complied with the order, the young man opened the door and allowed another man to enter.  This man had his face partially covered, but at some point the covering shifted, and Clay was able to recognize him as a former employee and regular patron at the bar: [Appellant].

[Appellant] demanded that Clay give him the keys to Clay's upstairs apartment. When Clay refused, [Appellant] retrieved a knife from the kitchen and held it to Clay's neck. Clay relented and opened the door to the upstairs apartment.

The two assailants escorted Clay upstairs to his apartment, where they bound Clay's hands and feet with duct tape, before locking him in a closet. [Appellant] and his accomplice then proceeded to ransack Clay's apartment. After over an hour in the closet, Clay was able to free himself and contacted police. He immediately identified [Appellant] as one of his assailants.

In contrast, two alibi witnesses testified that [Appellant] was otherwise occupied at the time of the robbery. Tracee Russell, [Appellant's] girlfriend and mother of his child, testified that [Appellant] was home all day playing a video game. Marcus Lewis, a friend of [Appellant], testified that he was playing a videogame over the internet with [Appellant] from approximately 8:30 that morning until noon or 1:00 p.m.

The jury subsequently returned a guilty verdict on charges of robbery—serious bodily injury and conspiracy to commit robbery. The trial court sentenced [Appellant] to a term of imprisonment of five to ten years. [Appellant] filed post-sentence motions, which the trial court denied. . . .

Commonwealth v. Jones, 729 WDA 2013, at *1 (Pa. Super. June 1, 2015)

(unpublished memorandum)

Appellant filed a direct appeal with this Court; we affirmed Appellant's judgment of sentence on June 1, 2015. See id. Our Supreme Court denied Appellant's petition for allowance of appeal on December 16, 2015.

On January 23, 2017, Appellant filed a timely pro se PCRA petition. Counsel was appointed and filed an amended petition on Appellant's behalf on July 24, 2017. On February 15, 2018, the PCRA court held a hearing on Appellant's petition. The PCRA court denied Appellant's petition on February 16, 2018. Appellant filed a timely appeal with this Court. On March 21, 2018,

the PCRA court ordered Appellant to file a statement of matters complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On April 11, 2018, Appellant timely filed his Rule 1925(b) statement.

On appeal, Appellant presents one issue for our review: "Did the PCRA [c]ourt err in concluding that Appellant did not suffer prejudice as a result of trial counsel's omissions at trial and failure to take available reasonable measures to undermine the credibility of the Commonwealth's key witness?" Appellant's Brief at 3 (PCRA court and suggested answers omitted).

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." Commonwealth v. Fears, 86 A.3d 795, 803 (Pa. 2014) (quotations and citations omitted). "To be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, [that] his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2)[.]" Id.

In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. Commonwealth v. Bomar, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the

- 3 -

proceeding would have been different." Id. (citation omitted). To demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Commonwealth v. King, 57 A.3d 607, 613 (Pa. 2012). If an appellant fails to prove by a preponderance of the evidence any of the three prongs, the Court need not address the remaining prongs of the test. Commonwealth v. Williams, 863 A.2d 505, 513 (Pa. 2004).

Appellant argues that the PCRA court erred in concluding that trial counsel was not ineffective when counsel failed to discredit the testimony of Clay or implicate Clay's stepdaughter, Linda Freeman, in the robbery. Appellant's Brief at 10-25. Appellant asserts that Clay's testimony was contradictory and that his age impacted his credibility. Likewise, Appellant contends that Freeman "was similarly aware that there was substantial cash in the apartment" and was a person-of-interest during the police investigation. Id. at 15. Appellant submits that trial counsel was ineffective because he failed to implicate Freeman in the robbery or attack Clay's testimony during trial.

In rejecting Appellant's ineffective assistance of counsel claim, the PCRA court concluded that Appellant failed to establish that he suffered actual prejudice as a result of trial counsel's alleged omissions. The court explained:

8) Initially, the court notes that it retains a clear recollection of the trial. The court vividly recalls that trial counsel fiercely and zealously represented his client, conducted a detailed and

- 4 -

thorough cross-examination of [Clay], and delivered a passionate argument to the jury as to why [Appellant] should not be convicted.

9) However, as noted in this court's Opinion issued on September 15, 2014, [Clay] in this case provided clear, consistent, and compelling identification testimony, which was believed by the jury. (Trial Court Opinion ("TCO"), 9/15/14, pp. 5-8). [Clay] maintained at all times that [Appellant] was one of the two male perpetrators of the robbery. Significantly, [Clay] was well familiar with [Appellant] and he identified [Appellant] to the police immediately following the incident. [Clay] then identified [Appellant] when the authorities presented him with a photo array, and subsequently identified [Appellant] in court at trial. (TCO, pp. 3-4). Despite PCRA Counsel's attempt to cast doubt over [Clay's] testimony, [Clay] never wavered in his identification of [Appellant] as one of the robbers, and this court, as well as the jury, found the victim's identification testimony to be highly credible.

10) Considering the thorough and zealous cross-examination of [Clay] by trial counsel, and considering the credibility of [Clay], the court finds that there is no reasonable probability that the outcome of the trial would have been different if trial counsel had attempted to point the finger at a female as an additional accomplice, badgered [Clay] regarding his timeline of events, or exploited [Clay's] initial difficulty in remembering exactly what happened to his eyeglasses at the time of the struggle.

11) To be sure, [Clay] clearly identified the two perpetrators of the robbery as males, and the fact that a woman named Linda Freeman may somehow have been involved as an accomplice does not exonerate [Appellant] in any way or increase the probability of an acquittal or hung jury.

PCRA Court Opinion, 2/16/18, at 3-4.

In advancing his argument, Appellant essentially asks this Court to reconsider the evidence in the light most favorable to him and deem his version of the facts credible. However, the PCRA court, who also sat as the trial court, discredited Appellant. Indeed, as discussed above, the PCRA court

found Clay's testimony to be credible and determined that there was no reasonable probability that the outcome of Appellant's trial would have been different if trial counsel had implicated Freeman in the robbery. In cases where a PCRA court passes on witness credibility, its credibility determinations should be provided great deference by reviewing courts. See, e.g., Commonwealth v. (Damon) Jones, 912 A.2d 268, 293 (Pa. 2006); Commonwealth v. Santiago, 855 A.2d 682, 694 (Pa. 2004) (Opinion Announcing the Judgment of the Court) ("[W]e are bound by the PCRA court's credibility determinations where there is record support for those determinations."); Commonwealth v. Abu-Jamal, 720 A.2d 79, 99 (Pa. 1998) ("Just as with any other credibility determination, where the record supports the PCRA court's credibility determinations, those determinations are binding on this [C]ourt.").

In sum, the record evinces ample support for the PCRA court's determination that Appellant failed to present a meritorious ineffective assistance of counsel claim. We therefore discern no basis upon which to reverse the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/13/2018

- 6 -